(No. 3534—

FLORENCE M. NICHOLS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

On August 24, 1940, the above claimant filed her complaint in this court seeking an award under the Compensation Act in the sum of Five Thousand Five Hundred Five Dollars ($5,505.00), itemized as follows:

To doctor bills, estimated.....................................$  365.00
To nurses bills, estimated..................................   140.00
To claimant as provided under the Workmen's Compensation
    Act of the State of Illinois for total disability............. 5,000.00

The record consists of the complaint, testimony of claimant and Dr. Daniel K. Hur, called on behalf of claimant; Manteno State Hospital records, including laboratory reports of the Department of Public Welfare; stipulation and waivers of statement, brief and argument on behalf of claimant and respondent.

The evidence shows that claimant was employed by respondent at the above named hospital as a postal clerk, and that her duties as such were confined to said post-office. That her salary was $63.00 per month and maintenance, estimated at $24.00 per month.

That on the 12th day of August, 1939, she became ill, was hospitalized in said institution, her illness being diagnosed as typhoid fever. She testified that she left the hospital on November 30, 1939, was home one week, returned to the hospital where she remained for two weeks and returned to her home. She testified that during the time she was hospitalized in said institution all medical, hospital and other necessary facilities were furnished her by the respondent. Claimant testified that she did not have confidence in the respondent's doctors who were treating her, and therefore employed one Dr. Daniel K. Hur, of Manteno, Illinois, to attend her.

There is a stipulation on file in this case as follows:

"It is hereby stipulated and agreed by all parties in the above entitled cause through their respective counsel that notice of injury was given to respondent; respondent had knowledge of injury; claim for compensation was made by claimant, and claim was filed with the Court of Claims all within statutory period; that a typhoid fever epidemic existed at the Manteno State Hospital, Manteno, Illinois from July 10, 1939 to December 10, 1939."

Since the stipulation conforms in every respect with all requirements of Section 24 of the Workmen's Compensation Act, this court will take jurisdiction of this claim.

Claimant asks this court to allow the following bills incurred by her after she dispensed with the respondent's services:

Nurse hire .............................................. $ 80.00
Dr. Daniel K. Hur........................................ 388.00
Household help .......................................... 612.00
Medicines ............................................... 110.00

making a total of One Thousand One Hundred Ninety Dollars ($1,190).

Under the law the respondent must furnish all medical, hospital and other facilities to an employee while injured, and if the respondent fails or refuses, the claimant has the right to employ competent physicians to treat and restore her health. The evidence shows that respondent willingly furnished competent medical services and hospitalization. Claimant was given a private room in the hospital and was treated by Dr. Spika and Dr. Frank of the hospital staff, until she elected to discharge them and employ Dr. Hur to treat her. The remarkable record of recovery of employees and patients during this time, under the direct care of Dr. Spika and Dr. Frank, shows that these men were competent to combat this disease and the claimant was not justified in her opinion of no confidence in the hospital doctors. These bills incurred by claimant cannot be allowed.

Claimant does not make claim for temporary compensation. The record discloses that the respondent paid her regular salary during her illness amounting to the sum of $650.29 for unproductive work. Claimant was only entitled to temporary compensation. She was not entitled to full salary during this period. She has been overpaid.

The sole remaining question, therefore, for this court to decide is whether or not claimant is a typhoid carrier, as claimed, which has resulted in permanent total disability.

Claimant testified that she took a leave of absence, as she says at the request of the institution because she had been typed as a typhoid carrier. She testified that she sent specimens to the State Health Department from which it was ascertained that she was a typhoid carrier. She now claims that her actions are restricted, that she is not permitted to work in a place where she comes in contact with other people; that she is barred from swimming or bathing in public places and claims that she signed a typhoid agreement with the State of Illinois designating her as a typhoid carrier, although such agreement is not in evidence.

On examination of all the testimony, including that of Dr. Hur, and the hospital and laboratory reports, it is difficult for the court to understand the testimony of the said Dr. Hur pronouncing her a typhoid carrier. As far as the record is concerned he must have based his findings on the laboratory tests which are in evidence. This evidence is not the best evidence and is not conclusive.

There are certain standard tests to ascertain if one is a typhoid carrier which are recognized by the medical profession.

There is no showing in this record that any of the recognized tests were used.

The general rule of law that the burden of proof is upon the claimant to prove his claim by preponderance or greater weight of the evidence is applicable to claims under the Workmen's Compensation Act. And an award for compensation under the provisions of said Act, can only be made, for injuries, and only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself, and unless there are or have been such objective conditions or symptoms, no award for compensation can be made. *Peck* vs. *State*, 10 C. C. R., 56. *Wasson* vs. *State,* 10 C. C. R., 497.

The evidence in this record does not support her claim of permanent total disability.

An award, therefore, is denied.